IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30985
_____


CERTAIN UNDERWRITERS AT LLOYD'S, Etc.; ET AL.,

                              Plaintiffs,

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, subscribing to
Renewal Certificate No. VV111280Q,

                    Plaintiff - Appellant-Cross-Appellee,

                         versus

MICHAEL T. GRAY; ERIC V. GRAY,

                    Defendants - Appellees-Cross-Appellants.


--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
97-CV-1290-E
--------------------
March 26, 2001

Before, KING, Chief Judge, ALDISERT[*] and BENAVIDES, Circuit
Judges.

PER CURIAM:[**]

     Certain Underwriters at Lloyd's of London (the Underwriters)

appeal from a district court's conclusion that the Inchmaree

Clause of a marine hull insurance policy issued by the

Underwriters to Michael and Eric Gray (the Grays) covered a loss

_____

     [*] Circuit Judge of the Third Circuit, sitting by
designation.

     [**] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sustained due to a defect in the hull of the PEREGRINE, a yacht jointly owned by the Grays. At issue is not the existence of a hull defect, but (1) whether the defect was "latent," and (2) whether the loss should have been attributed to the Grays' failure to detect the defect through reasonable due diligence. In a cross-appeal, the Grays argue that the district court improperly granted summary judgment on their claim for attorney's fees. *See* LA. REV. STAT. ANN., §§ 22:658, 22:1220.

Having reviewed the briefs, record, and arguments on appeal, we reject the Underwriters' arguments that the district court erred in resolving the coverage issues presented in this case. The district court defined a latent defect as a condition which "could not have been discovered by someone of competent skill using ordinary means." Contrary to the Underwriters' contention, this definition does not depart from the objective standard traditionally used by this Circuit to describe latent defects. *See Tropical Marine Products, Inc. v. Birmingham Fire Insurance Co.*, 247 F.2d 116, 121 n.11 (5th Cir. 1957). At any rate, the district court explained that it would reach the same result "under any reasonable definition of 'latent defect' used by various courts." *Gray v. Certain Underwriters at Lloyd's London*, NO. CIV. A. 97-1130, CIV. A. 97-1290, 1999 WL 22844, *6 n.10 (E.D.La., Jan 15, 1999)(emphasis in original).

We also reject the Underwriters' argument that the district court misapplied the latency standard to the facts of this case. The district court found insufficient basis in the record to conclude that the Grays should have discovered the defect in the

hull of the PEREGRINE. Specifically, the court rejected the Underwriters' attempt to link what expert independent contractors perhaps could have discovered about the PEREGRINE's hull, and what the Grays reasonably should have discovered or investigated as "Sunday skippers." Additionally, the court found that reasonable owners would not have conducted additional diligence work on the hull of the PEREGRINE that would have detected the defect prior to January 1997 when the PEREGRINE capsized. The record clearly supports the district court's findings. Accordingly, we affirm the district court's conclusion that the hull defect within the PEREGRINE was latent and covered by the Inchmaree Clause of the marine hull policy.

Finally, we find no error in the district court's denial of the Grays' claim for attorneys' fees. On the unique and unusual circumstances of this case, the district court did not err in concluding that the Underwriters' decision to deny coverage both on the P&I and hull policies, although ultimately flawed, was not taken in bad faith. The court's specific findings adequately support this determination.

For these reasons, we AFFIRM the judgment of the district court in all respects.

AFFIRMED